in the clerk's minutes can be neither affirmed nor reversed, but the writ of error be dismissed. *

DAVIS, P. J., and DONOHUE, J., concurred.

Writ of error dismissed.

---

## JOHN B. GREENE, RESPONDENT, *v.* THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

*Contract — void under section 104, of chapter 137, Laws of 1870, when made without advertising.*

The plaintiff entered into a contract with the commissioner of public works, for laying water-pipes in the city of New York, and performed work and furnished materials thereunder. The contract was not founded upon sealed bids or proposals, made in compliance with public notice, as required by section 104, of chapter 137, Laws of 1870. *Held,* that the contract was void.

The case of *The People ex rel. Navano* v. *Van Nort* (64 Barb., 205) distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought by the plaintiff to recover the sum of $52,748.08, with interest from the 10th of November, 1871, for work executed, and supplies furnished by him, under and pursuant to two contracts, entered into on the 1st day of July, 1871, by and between him and the commissioner of public works, in behalf of the defendant, in laying water-pipes to extend the distribution of Croton water through the city.

It was alleged in the complaint, that the work, labor and services had been duly certified by the chief engineer of the Croton aqueduct and the commissioner of public works, and that upon the 10th day of November, 1871, the said commissioner made the necessary requisitions upon the comptroller of the city for the payment of the plaintiff, and that plaintiff's claim had been duly audited by the finance department.

* Weed v. People, 31 N. Y., 465.

The defendant alleged that the contract with the plaintiff was void, as the same was not founded upon sealed bids or proposals, made in compliance with public notice, duly advertised for ten days in newspapers in the city of New York, as required by the charter; and he also alleged, upon information and belief, that the prices or rates allowed to the plaintiff by his contract were excessive and extravagant.

When the case came on for trial at circuit, the judge granted a motion for judgment in favor of the plaintiff and directed the jury to find a verdict for the plaintiff for the amount claimed, with interest. From the judgment entered on this verdict, the defendant appealed.

*E. Delafield Smith,* corporation counsel, for the appellant.

*John H. Strahan,* for the respondent.

DONOHUE, J.:

Appeal from a judgment in plaintiff's favor. The facts are, that the plaintiff, under a contract with the department of public works, performed the work sued for, and the answer of the defendants is, that in substance the contracts are made without advertising for, or inviting sealed bids, as required, by section 104, chapter 137, Laws of 1870. The further defense that the work was charged at extravagant prices, was abandoned on the trial and on the appeal.

The claim on the part of the city is, substantially, that in order to protect itself from the ordinary liability, which, as a corporation, it might be under, for contracts improvidently made by its agents and servants, section 104 was passed; and, the intent and object of that law, is, that in cases calling for expenditures of $1,000, unless three-fourths of the common council otherwise decided, sealed bids should be invited and the work done under some of these bids. Whatever may be the argument in the case as to the price being reasonable, the court can only look at the plain words of the act, and, no matter how meritorious the plaintiff's claim, follow that law; and, unless there is something that takes this work out of the ordinary rule, the plaintiff must fail.

The plaintiff claims that by an act, subsequent to that above quoted,* there is a provision authorizing the comptroller to borrow $500,000, for the improvement of the lower reservoir, and for increasing the supply of water in the lower part of the city, under the direction of the department of public works, under which act this work was done; and plaintiff contends, under the authority of *Navano* v. *Van Nort*, † that the provision renders advertising for bids unnecessary. In that case, the court held, expressly, that the act under which that work was done, placed a discretion in the commissioner, inconsistent with doing the work under such bids; in fact, holding that the terms of the act expressly permitted the work being so done.

In this case, the section relied on, to bring the case within the *Navano* v. *Van Nort* case, vests no discretion in the commissioner, other than that in regard to any other work which the law places in his department. All work to be done under the commissioner, is to be done under such bids, and it is hard to see any distinction between the work here provided for and any other. The section 104 is one of great importance to the city, acting through its agents, and one, the policy of which the court is bound to sustain. The work here is the ordinary work of the department, and should have been done in the ordinary way. The plaintiff furnishes no excuse for the mode in which his contract was made, and he must fail. Judgment should be reversed, and new trial ordered.

Judgment reversed and new trial ordered, costs to abide the event.

* § 6, chap. 383, Laws 1870.                    † 64 Barb., 205.